# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> ZOE USA HOLDINGS, INC. et al. <br><br> Debtor. <br><br> TAX ID No.  26-0011964 | Chapter 11 <br><br> Case No. 14-12452 (BLS) |
| In re: <br><br> ZOE HOTELS, INC. <br><br> Debtor. <br><br> TAX ID No.  13-2769974 | Chapter 11 <br><br> Case No. 14-12454 (BLS) |
| In re: <br><br> ZOE LODGING, INC. <br><br> Debtor. <br><br> TAX ID No.  13-3303428 | Chapter 11 <br><br> Case No. 14-12455 (BLS) |
| In re: <br><br> MKEL HOLDINGS LLC <br><br> Debtor. <br><br> TAX ID No.  27-3511104 | Chapter 11 <br><br> Case No. 14-12456 (BLS) |

## MOTION OF THE DEBTORS FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES

The above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors"), hereby move this Court (the "Motion") pursuant to section 105(a) of the Bankruptcy Code", Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware for entry of an order directing the joint administration of the

143353.01600/22333078v.1

Debtors' related chapter 11 cases for procedural purposes only. The Debtors provide the *Declaration of James P. Shinehouse in Support of the Motion*, attached hereto as **Exhibit A**, and respectfully state as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The predicates for the relief requested herein are sections 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## BACKGROUND

3.  On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.  The Debtors are no longer operating as a going concern but manage their property as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.  No trustee or examiner has been appointed in these chapter 11 cases, and no official committee of unsecured creditors has been established to date.

## RELIEF REQUESTED

6.  By this Motion, the Debtors seek entry of an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1.

7. The Debtors also request that the caption of their chapter 11 cases be modified to reflect the joint administration of these chapter 11 cases substantially as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ZOE USA HOLDINGS, INC. et al.[1] | : | Case No. 14-12452 (BLS) |
| | : | (Jointly Administered) |
| Debtors. | : | |

[1] The Debtors and the last four digits of their respective tax identification numbers are: Zoe USA Holdings, Inc., a Delaware corporation (1964); MKEL Holdings LLC, a Delaware limited liability company (1104); Zoe Hotels, Inc., a New York corporation (9974); and Zoe Lodging, Inc., a Delaware corporation (3428).

8. In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket for each of the Debtors other than Zoe USA Holdings, Inc. to reflect the joint administration of their chapter 11 cases:

> An order has been entered in this case directing the joint administration of chapter 11 cases. The docket in the chapter 11 case of Zoe USA Holdings, Inc., Case No. 14-12452 should be consulted for all matters affecting this case.

9. Finally, the Debtors request that the Court authorize the Debtors to utilize a combined service list for the jointly-administered cases and that combined notices be sent to creditors of the Debtors' estates and other parties-in-interest as applicable.

**BASIS FOR RELIEF**

10. Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by the Debtors. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

3

of [the Bankruptcy Code]." Pursuant to Bankruptcy Rule 1015(b), if "two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when "the joint administration of two or more cases pending in this Court will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1. The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief requested herein.

11. These chapter 11 cases involve four affiliated Debtors. Many, if not most, of the motions, applications, and other pleadings filed in these chapter 11 cases will relate to relief sought jointly by all of the Debtors. For example, virtually all of the relief sought by the Debtors in the motions filed contemporaneously with this Motion is sought on behalf of all of the Debtors. Accordingly, the interests of the Debtors, their creditors, and other parties-in- interest would be best served by the joint administration of these chapter 11 cases. Joint administration of the Debtors' chapter 11 cases will also ease the administrative burdens on the Court by allowing the Debtors' cases to be administered as a single joint proceeding instead of four independent chapter 11 cases.

12. Joint administration of these chapter 11 cases will promote efficiency and ease of administration for the Debtors, their creditors, other parties-in-interest, and the Court. It will permit the Clerk of the Court to utilize a single docket for all of the cases, creating a centralized location for the numerous documents that are likely to be filed and served in these cases by the Debtors, creditors, and parties-in-interest and for all notices and orders entered by the Court. A single docket will also make it easier for parties-in-interest in each of the chapter 11 cases to stay apprised of all the various matters before the Court. The Debtors will also realize substantial

cost savings and reduced administrative burdens by sending notices in the cases to a single matrix of creditors and Rule 2002 list, rather than maintaining four separate notice lists.

13. Joint administration of these chapter 11 cases will not prejudice or adversely affect the rights of the Debtors' creditors. The relief sought herein is purely procedural and is not intended to affect substantive rights. Because these chapter 11 cases involve four Debtors, joint administration will help to reduce the volume of paper that otherwise would be filed with the Clerk of this Court, render the completion of various administrative tasks less costly, and minimize the number of unnecessary delays. Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee.

14. Finally, the entry of joint administration orders in multiple related cases such as these is common in this District and elsewhere.

15. For the above reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors and their estates and will reduce the administrative burdens on the Court and all parties-in-interest, and therefore should be granted.

## NO PRIOR REQUEST

16. No previous application for the relief sought herein has been made to this Court or to any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) directing the joint administration of the Debtors' chapter 11 cases pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: October 31, 2014                **BLANK ROME LLP**

*/s/ Josef W. Mintz*
Josef W. Mintz (No. 5644)
1201 North Market Street
Wilmington, DE 19801
(302) 425-6400
(302 425-6464 (facsimile)

-and-

John E. Lucian *(admission pending)*
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
(215) 569-5500
(215) 569-5555 (facsimile)

PROPOSED ATTORNEYS FOR
DEBTORS AND DEBTORS-IN-
POSSESSION

143353.01600/22333078v.1