# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ZOE USA HOLDINGS, INC. et al.<br><br>     Debtor.<br><br><br>TAX ID No.  26-0011964 | Chapter 11<br><br>Case No. 14-12452 (BLS) |
| In re:<br><br>ZOE HOTELS, INC.<br><br>     Debtor.<br><br><br>TAX ID No.  13-2769974 | Chapter 11<br><br>Case No. 14-12454 (BLS) |
| In re:<br><br>ZOE LODGING, INC.<br><br>     Debtor.<br><br><br>TAX ID No.  13-3303428 | Chapter 11<br><br>Case No. 14-12455 (BLS) |
| In re:<br><br>MKEL HOLDINGS LLC<br><br>     Debtor.<br><br><br>TAX ID No.  27-3511104 | Chapter 11<br><br>Case No. 14-12456 (BLS) |

**DECLARATION OF JAMES P. SHINEHOUSE IN SUPPORT OF MOTION OF THE DEBTORS FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES**

James P. Shinehouse hereby declares:

143353.01600/22333630v.1

2

1. I am the President of each of the above-captioned Debtors and debtors-in-possession. I am authorized to make this Declaration in support of the Debtor's *Motion for an Order Directing Joint Administration of Their Chapter 11 Cases* (the "Motion").[1]

2. By the Motion, the Debtors request joint administration of their related chapter 11 cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for the Debtors' cases under the Zoe USA Holdings, Inc. case and also request that the caption of their cases be modified to reflect the joint administration of the cases as set forth in the Motion.

3. Each of the Debtors is either direct or indirect subsidiaries of non-debtor Zoe Acquisition Holdings Ltd., a foreign entity organized under the laws of the United Kingdom, such that the Debtors constitute "affiliates" of one another within the meaning of 11 U.S.C. § 101(2). Joint administration of these cases is warranted because the Debtors' financial affairs and business operations are closely related, and will avoid the unnecessary administrative burden on the Court and parties-in-interest.

4. Joint administration will permit the Clerk to use a single general docket for the Debtors' chapter 11 cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. Joint administration also will protect parties-in-interest by ensuring that such parties-in-interest in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in each of the chapter 11 cases.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meanings ascribed to the in the Motion.

5. I understand that if the Court approves joint administration of the Debtors' cases, the Debtors will be able to reduce fees and costs resulting from the administration of their chapter 11 cases and ease the administrative burden of having to file multiple documents.  I have also been advised that joint administration will ease the administrative burden for the Court and all parties to these cases and obviate the need for duplicative notices, motions, applications and orders, and thereby save time and expense for the Debtors and their estates.

Dated:  October 31, 2014

               */s/ James P. Shinehouse*
               James P. Shinehouse